PEOPLE v BOLDEN

Opinion of the Court

1. Arrest—Probable Cause—Police Officers.

A police officer makes his determination as to whether the person he arrests has committed a felony not as a legal scholar but as a man of reasonable prudence and caution.

2. Arrest—Probable Cause—Police Officers—Evidence—Search Warrants—Commission of Felony.

Police officers with a search warrant providing them with clear and concrete cause to believe that a felony is in progress in an apartment and that the occupant is armed and dangerous have probable cause to arrest an unidentified man emerging through the apartment door with a suspicious bulge in his right hand.

3. Evidence—Arrest—Searches and Seizures—Suppression—Trial.

Evidence obtained as a result of a proper arrest and search incident to the arrest should not be suppressed at trial.

Concurrence by N. J. Kaufman, P. J.

4. Arrest—Probable Cause—Searches and Seizures—Justification.

*A discussion of probable cause for the arrest and search of a person is unnecessary where the actions of the police officers are justified under United States Supreme Court precedent which allows police under certain circumstances to detain a person for purposes of investigating possible criminal activity.*

Appeal from Recorder's Court of Detroit, John P. O'Brien, J. Submitted February 1, 1977, at Detroit. (Docket No. 26226.) Decided May 2, 1977.

References for Points in Headnotes
[1, 2] 5 Am Jur 2d, Arrest § 24 *et seq.*
[3] 29 Am Jur 2d, Evidence § 425.
[4] 5 Am Jur 2d, Arrest §§ 24, 32.

Donald Bolden was charged with possession of heroin. Defendant's motion to suppress the seized heroin as a product of an illegal search was granted. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Research, Training & Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and M. D. O'HARA,* JJ.

V. J. BRENNAN, J. On July 14, 1975, members of the Detroit Police Department went to an apartment building located at 1775 Van Dyke, Detroit, to execute a search warrant directed at apartment 308. The search warrant was for the seizure of narcotics, guns and money.

As the policemen reached the top of the stairwell, defendant Donald Bolden was seen exiting apartment 308. A policeman drew his gun and ordered defendant to "freeze". As defendant turned, the policeman noticed a bulge in defendant's right hand. The bulge was found to consist of a roll of money and three tinfoil packets of heroin. Defendant was arrested and charged with possession of heroin, contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a).

Prior to trial, defendant filed a motion to suppress the seized heroin as the product of an illegal search. This motion was granted. The people appeal.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On appeal, the prosecution argues the search warrant covering narcotics, money and weapons in apartment 308 should be expanded to include the search of defendant as he stepped outside the apartment door. We believe the legal question may be resolved without addressing whether the warrant, as specified, could be held to include a search of defendant's person.

Our Supreme Court has provided a criterion expected of police officers in situations of great pressure and danger:

"He makes his determination, and we review it, not as a legal scholar determines the existence of consideration in support of a promise, but as a man of reasonable prudence and caution would determine whether the person arrested has committed a felony." *People v Harper,* 365 Mich 494, 501; 113 NW2d 808 (1962), *cert den* 371 US 930; 83 S Ct 302; 9 L Ed 2d 237 (1962). See, also, *Draper v United States,* 358 US 307, 313; 79 S Ct 329; 3 L Ed 2d 327 (1959).

Police officers in this case were executing a warrant they knew entailed very real danger. One of the items specified in the warrant was a weapon. They had reason to believe the person named in the warrant was armed and dangerous. They did not know in advance whether or not the man who emerged from the apartment might not be armed and dangerous. They had substantial reason to believe, because of police undercover activity, that a felony was being committed by a person or persons associated with the apartment. In fact, they were armed with a search warrant to this effect.

In the tense moment of approaching the apartment, they came directly upon an unidentified man emerging through the door of the very apart-

ment they were authorized to search and in which they reasonably believed felonious activity to be occurring. Immediately, the officers in this case noticed a bulge in defendant's hand. We believe at this point the police officers were sufficiently apprised of probable cause to believe defendant was actually involved in the commission of a felony.

We might not be so disposed if the warrant did not provide such clear and concrete cause to believe a felony was instantly in the process of being committed. However, given this indisputable fact, we feel the practical reality of defendant's presence virtually inside the apartment and evidence of complicity provided by the apparent bulge in his hand gave the officers probable cause to arrest. A search incident to that arrest was proper and the evidence obtained from that search should not have been suppressed by the trial court. We agree with the prosecution that error occurred below.

Reversed and remanded.

M. D. O'HARA, J., concurred.

N. J. KAUFMAN, J. *(concurring).* I concur in the result reached by the majority opinion based solely upon my view that the actions of the police officers were justified under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968); accordingly, I find the probable cause discussion in the majority opinion unnecessary.